## HERSLEB v. MOSS.

ATTORNEY.—CONTRACT.—A and B were competing candidates for the office of county auditor, and A was declared duly elected by the board of canvassers. C, an elector, then instituted a proceeding under the statute to contest the election, and D, an attorney, appeared and rendered professional aid on the side of C, at the trial. D afterwards sued B for the value of these services, and the court instructed the jury that if B knew that the proceeding had been instituted, and permitted it to proceed without objection or disavowing any interest therein, he was liable to D.
*Held*, that the instruction was erroneous.

INSTRUCTIONS.—PRACTICE.—Where instructions to the jury are not numbered, nor divided into distinct propositions, an exception to any part of them which is erroneous may be reserved by excepting to all collectively.

APPEAL from the *Howard* Common Pleas.

ELLIOTT, J.—This was a suit by *Moss* against *Hersleb,* the appellant, before a justice of the peace, to recover for services rendered by *Moss* as an attorney in a case of contested election, before the board of commissioners of *Howard* county. *Moss* recovered a judgment before the justice for $50, and *Hersleb* appealed to the Court of Common Pleas, where judgment was again rendered against him for the same sum. A bill of exceptions contains the evidence, from which it appears that *Hersleb* and one *Wildman* were the competing candidates for the office of auditor of *Howard* county. *Wildman* was declared duly elected by the board of canvassers, whereupon one *Saville*, an elector of said county, instituted proceedings, under the statute, before the county board, and contested said election. *Moss* rendered the services sued for in prosecuting that contest. The case was tried by a jury. A motion for a new trial was overruled. One of the reasons urged for a new trial was that the finding of the jury was contrary to the evidence. That *Moss* rendered the services is not controverted, nor is there any reason to complain of their value as found by the jury; but the appellant insists that the ser-

vices were not rendered for him, nor under his employment, nor at his request, and that he is not legally liable therefor.

The evidence as to the employment of *Moss* is in substance as follows:

*H. B. Havens* testified that Judge *Roache* and the plaintiff were at the trial before the county board, and prosecuted the case. Witness had no authority to employ attorneys, but paid the plaintiff's bill at the hotel. Never had any authority from the defendant to employ the plaintiff, and could not say that he ever told the defendant that plaintiff was employed. The employment of attorneys for contestant, and the management of the case, *Hersleb* left to his friends. Witness, being the principal of his friends, employed *McDonald* and *Roache*, at *Indianapolis*, for *Hersleb*, of which fact he wrote to *Hersleb* from *Indianapolis*. Witness afterwards saw the plaintiff on the cars, and spoke to him to come and assist in the case.

The deposition of *Moss*, the plaintiff, was also read in evidence, in which he testified that he was first spoken to in relation to the case by *H. B. Havens*; that he thereupon attended the trial and did what he could in support of the defendant's theory of the case. The defendant was present at the trial, he thought, most of the time. Witness' understanding was that he was appearing for him, as the suit was mainly, if not entirely, for his benefit. " The defendant evidently understood the same thing, and had we succeeded, it would have secured him a lucrative office."

*N. B. Brown*, sheriff of *Howard* county, testified that he had a fee bill, in the contested election case, against *Saville*, for some $65, which *Hersleb* voluntarily paid.

The defendant, *Hersleb*, testified that he never employed the plaintiff, nor had any conversation with him, nor ever authorized any one else to employ him. *Havens* wrote him from *Indianapolis* that he had employed *McDonald* and *Roache*, but Mr. *Moss* was never mentioned to him in connection with the case. Never employed him by agent or

otherwise, and never had an intimation that *Moss* looked to him for his fee, until five and a half years afterwards. The payment of the costs to *Brown* was voluntary. Was present part of the time during the trial, and was under the impression that *Moss* came by solicitation of Judge *Roache*, to assist him, but had no conversation with *Moss* about it; that the case was not his, the defendant's, and he never authorized the bringing of the suit; that *Havens* and *Saville* were not his agents for any purpose. About a year after the trial he was notified that *Roache* had a claim against him for his services, which he paid, not as a legal obligation, but at the request of *Roache*. After the contest was gotten up, witness felt interested in succeeding in the case, and left the management of it, and the employment of lawyers, to his friends, and assented to what they did in the case. *H. B. Havens* was his chief friend in the management of the business and the case.

Upon the return of the verdict for the plaintiff, the defendant moved the court for a new trial. The motion was overruled, and judgment rendered on the verdict.

One of the reasons urged for a new trial was that the court erred in its instructions to the jury. The court, after instructing the jury that to entitle the plaintiff to recover, he must prove that he rendered the services sued for at the instance of the defendant, under a contract either express or implied, gave the following instruction:

"Although the suit of contest before the county commissioners, in which the plaintiff alleges that he rendered the services for the defendant, may have been brought in the name of another person for his benefit, yet if he knew and permitted them to proceed with the contest, without objection or disavowing any interest in the contest, he is the party liable—if any person be liable—subject to the rules already given."

This instruction is clearly erroneous. The election of *Wildman* was contested by *Saville*, and not by the defendant *Hersleb*. The latter was present at the trial, but it does

not appear that he took any part in the proceedings, or had anything to do with them. It is not claimed that he personally employed the plaintiff, and he expressly testifies that he did not authorize any other person to employ him, or any other attorney, in the case; and in this statement he is not contradicted by any other evidence. The plaintiff was requested to appear in the case by *Havens;* but *Havens* testifies that he had no authority from the defendant to employ counsel in the case. The evidence does not even show that the defendant advised the suit or was consulted in reference to it.

*Saville* was an elector of the county, and as such was fully authorized to contest the election of *Wildman.* He instituted the proceedings in his own name, as he had a right to do. And although, had he succeeded in the contest, it might have resulted in giving the office to the defendant, yet as the latter was not a party to the suit, he had no legal interest in it, or control over the proceedings. But the jury were told that if the defendant knew the proceedings were instituted, and permitted them to proceed without objection, or without disavowing any interest in them, he would be liable.

In view of the evidence in the case, we must suppose that the jury was misled by the erroneous instruction of the court.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*A. G. Porter, B. Harrison, W. P. Fishback, N. Purdom* and *M. Bell,* for appellant.

*N. R. Linsday* and *J. A. Lewis,* for appellee.


ON PETITION FOR A REHEARING.


ELLIOTT, J.—The judgment in this case was reversed on the 25th of *January* last. The case is presented to us again on a petition for rehearing. It was reversed on the evidence, in connection with an error in the instructions given

by the court to the jury. A rehearing is urged on the ground that the exception to the instructions of the court was not properly taken, and that the instructions should therefore not have been noticed by this court. The exception was taken by a bill of exceptions, duly allowed and signed by the judge before whom the cause was tried. The instructions are copied into the bill, after which it is said, " which instructions are excepted to at the time by the defendant." As we understand the record, the instructions as given by the court constituted an entirety. They were not numbered or divided into several distinct propositions. The statute requires that all written instructions given by the court shall be signed by the judge and filed as a part of the record. There are two modes of taking exceptions to the action of the court in either giving or refusing instructions. One of these is by stating the exceptions in a formal bill of exceptions, of which the instructions are made to form a part. Such was the mode adopted in the present case. And as the instruction was not divided into several propositions and numbered by the court, we think the exception well taken, and applied to every part of the instruction excepted to.

The other mode is that designated in section 325 of the code, in which it is declared that without a formal bill of exceptions, " it shall be sufficient to write at the close of each instruction, 'refused and excepted to,' or 'given and excepted to,' which shall be signed by the party or his attorney." 2 G. & H. 201.

In the case of *Jolly* v. *The Terre Haute Drawbridge Co.*, 9 Ind. 417, cited by counsel, the question decided, so far as it related to instructions, refers alone to the assignment of the error, and not to the exception.

In *Garrigus* v. *Burnett*, 9 Ind. 528, and *Branham* v. *The State*, 11 Ind. 553, the instructions consisted of a large number of separate and distinct propositions. The exception was in general terms to all of them, and it was held that the exception was unavailing, if any one of the instructions

was correct. This rule is sufficiently rigorous when applied to separate and distinct instructions, and should not, we think, be applied where, as in this case, the court makes its charge an entirety.

But if the exceptions were not well taken, the petition for a rehearing should still be overruled. The verdict of the jury was clearly contrary to the evidence. We so held, in effect, in the former opinion.

The petition for a rehearing is overruled.