Graves, J.:
Fletcher brought this action to recover the unpaid balance arising on a written contract for the sale by him of a patent diamond drill to decedent Ward. The cause was referred and the referee reported the facts and found the plaintiff below was entitled to recover three thousand nine hundred and twenty-nine dollars and eighty-three cents. Plaintiffs in error excepted to the report, but the court *overruled the exceptions and entered judgment as recommended by the referee.
Two objections are made: first, in ruling that on the facts as found there was no express warranty that the machine would do the work for which it was purchased; and, second, in deciding that there was no implied warranty to that effect. The referee finds that Fletcher knew Ward purchased with the design and for the purpose of using the machine in prospecting for minerals in Missouri and elsewhere, and that it proved practically worthless in that business. If there was an express warranty, there was no chance for implication. Was there any express warranty that the machine would work with any *102 efficiency in prospecting ? We think not. Plaintiffs in error rely on a passage in the contract that the machine was “to he complete in everything for working.” But this occurs as a term in the stipulation for the delivery of the machine by Fletcher at the depot in Chicago for shipment to such place as Ward should direct. It had no reference whatever to the ability of the scheme of the machine to work well in prospecting or at all. It was an agreement that the machine, such as it was in principle and range of usefulness, should be delivered prepared and equipped to do what in principle it was capable of doing.
Was there any implied warranty ? Plaintiffs in error claim there was, on the ground that Fletcher knew Ward was buying the machine for use in prospecting, that the former was to send an expert to Missouri to set it up and set it running, and informed Ward that it was good for boring in rock and had been used for prospecting in many places, and that the most he had known it to cut in one day was fifty feet.
Whether a warranty of utility in the working of a machine in some special service not strictly within the sphere of action for which it was contrived can be implied, must depend upon the particular facts, and it seems reasonable to conclude they ought to be very strong to warrant the *inl:eren ce of an agreement by the seller that a machine contrived for work of a given kind and within a given range will operate well in practice in work of a different character or in work required to be carried on under conditions not agreeable to its plan or in harmony with its arrangements for being worked and kept in action.
Ward bought with the avowed object of using the machine as a practical convenience in exploring for minerals. Fletcher knew this; still both understood that the machine had not been contrived for this description of work, and that its ability to be really useful in that way had not been ascertained.
However sanguine either may have been that it could be used successfully in the way Ward wished to use it, the fact was yet to be decided by experiment. Fletcher'desired to sell and Ward desired to make the experiment. The parties en *103 deavored to test the expertness and power of one of the machines, and when Fletcher observed that fifty feet was the most he had known it to cut in one day, he was particular to add that he would not guaranty any amount whatever, and Ward does not seem to have thought it expedient to insist upon any warranty. He appears to have been content, after inspecting the operation of one shown him, to take a risk in reliance on his own eyes and judgment. The facts not only fail to favor an implication of warranty, but on the contrary, they invite belief that it was tacitly understood that the machine should be taken at Ward’s risk as to its ability to be used successfully in prospecting. There was hence no ground for implying a warranty that the machine was adapted to the use Ward wished to make of it.
The referee committed no error, and the judgment must be affirmed, with costs.
The other justices concurred.