No. 7724.

ZEHNER ET AL. *v.* AULTMAN ET AL.

PRACTICE.—*Instruction.*—*Record.*—*Supreme Court.*—Where an instruction complained of is set out in the motion for a new trial, but does not otherwise appear in the record, no question with reference thereto is properly presented to the Supreme Court.

CHATTEL MORTGAGE.—*Description.*—Property described in a chattel mortgage as "one-third of twenty-two acres of growing wheat, situate," etc., means the undivided one-third of such wheat, and is a sufficiently particular description.

SAME.—*Demand.*—Where a chattel mortgage is duly recorded, no demand for the mortgaged property of a purchaser thereof is necessary before suit to foreclose the same.

From the Marshall Circuit Court.

*P. O. Jones* and *A. C. Capron,* for appellants.
*W. B. Hess,* for appellees.

WOODS, J.—Suit upon a promissory note and chattel mortgage. Issues of fact; verdict, judgment and decree of foreclosure in favor of the appellees. The appellant Zehner was not a party to the note or mortgage, but was charged as a purchaser in possession of a part of the mortgaged property, which, besides a reaper and mower, was described in the mortgage as consisting of "one-third of twenty-two acres of growing wheat, situate," etc.

Zehner alone has assigned error, and that upon the overruling of his motion for a new trial. Under this assignment he claims that the verdict against him is contrary to law, and not supported by sufficient evidence, and that the court erred in giving an instruction to the jury.

An alleged copy of the instruction complained of is given in the motion for a new trial, but it does not otherwise appear in the record. There is, therefore, no question properly saved in reference to it. *Elbert* v. *Hoby,* 73 Ind. 111; *McDaniel* v. *Mattingly,* 72 Ind. 349.

It is claimed that the particular part of the wheat intended to have been mortgaged is not specified, and that the mort-

gage is therefore void in respect to the wheat. The court interpreted the mortgage as meaning the undivided one-third of the wheat. This was right, and a more particular description was not necessary.

The point is made that there was no proof of demand upon Zehner for the wheat before suing. The mortgage was duly recorded, and he therefore bought the mortgaged wheat with notice, either actual or constructive, of the plaintiffs' claim, and no demand was necessary upon him any more than upon the maker of the mortgage. But, if it were required, there was sufficient proof on the subject. Upon a demand made of him, at Plymouth, the appellant refused to surrender the wheat, and declared a purpose to shoot any one who should come for it. Under the circumstances he can hardly be heard to complain that a demand was not made upon his premises.

There is no particular in which we find a lack of evidence in the record sufficient to support the verdict.

The judgment is therefore affirmed, with costs.