No. 8541.

## O'CONNOR *v.* COATS ET AL.

FRAUDULENT CONVEYANCE.—*Preference of Creditors.*—A debtor may prefer one creditor over another, and a sale of property for that purpose will not be set aside.

SAME.—*Partnership and Individual.*—*Pleading.*—Under a complaint which charges the transfer of property in fraud of creditors generally, but does not allege a partnership, nor that the demand of the plaintiff arose out of a partnership transaction, no question of priority of right between partnership and individual creditors can arise.

From the Owen Circuit Court.

*I. H. Fowler, W. E. Dittemore, I. E. Johnson* and *C. E. Johnson,* for appellant.

*W. M. Franklin* and *S. O. Pickens,* for appellees.

WOODS, J.—Error is assigned solely upon the overruling of the motion for a new trial, which was asked on the ground that the verdict was contrary to the law and the evidence. The appellant brought the action, alleging in two paragraphs of his complaint, that he had obtained a judgment against the defendants Coats and Froth, on which execution had been issued and returned *nulla bona*; and that, with intent to defraud the plaintiff and other creditors, Froth had conveyed to the defendants Robinson and Wisely certain real estate; and in two other paragraphs alleging that he had obtained a judgment against said defendants Coats and Froth, on which execution had been issued and returned *nulla bona*; and that said defendants, with intent to defraud the plaintiffs and their other creditors, had pretended to sell and transfer to said Robinson and Wisely, who were participants in the fraudulent design, a certain stock of goods in a country store, the property of said Coats and Froth.

Counsel for the appellant claim that the evidence shows that the sale of the property described was made for the purpose of applying the proceeds to the payment of the individual creditors of Froth, and that, as a creditor of Coats and Froth, the appellant had a right to be first paid out of the partnership property.

It is a sufficient answer to this, that the complaint evidently was not drawn for the purpose of asserting any such right, and does not state facts sufficient to establish it. It is not alleged that Coats and Froth were partners, and if it were

possible to infer a partnership from what is averred, it is not alleged that the claim on which the appellant obtained a judgment against them arose out of a partnership transaction. Besides, the evidence does not show a sale of goods by Coats and Froth to the other defendants, as charged. On the contrary, it appears that Coats and Froth had voluntarily dissolved their partnership, Froth taking a part of the partnership goods, which, together with other goods bought upon his own credit, he afterwards sold to Robinson and Wisely, and applied the proceeds to the payment of his individual liabilities, as by law he had the right to do.

Judgment affirmed, with costs.