No. 8831.

O'DONALD v. CONSTANT.

FRAUDULENT CONVEYANCE.—*Preference of Creditor.*—A failing debtor may prefer one creditor over another, and, to that end, may use property bought on credit of one for the payment of another.

SAME.—*Rescission and Affirmation of Contract.—Attachment.*—While a creditor of whom the debtor had bought goods, not intending to pay for them, but

to use them in preferring other creditors, may doubtless disaffirm the sale, and recover his goods, unless resold to an innocent purchaser, yet, by bringing an attachment suit against his debtor, he affirms the sale, and takes the place of an ordinary creditor.

PRACTICE.—*Motion for New Trial.*—The motion for a new trial can not on appeal be regarded as evidence of the facts stated therein, although the motion itself becomes a part of the record, without a bill of exceptions. .

SAME.—*Special Instructions, How Made Part of Record.*—Instructions given must be signed by the judge, and in order to be made part of the record, under sections 533 and 535, R. S. 1881, must be filed, and the fact of the filing must be shown in the transcript.

From the Miami Circuit Court.

*J. L. Farrar, J. Farrar, S. D. Carpenter, H. J. Shirk, J. Mitchell* and *R. P. Effinger,* for appellant.

*C. M. Emerick* and *M. Winfield,* for appellee.

WOODS, J.—Assigning for error the overruling of his motion for a new trial, the appellant complains of the giving and refusing of instructions, and that the verdict is contrary to the law and the evidence.

No question in reference to instructions is properly presented. Copies of certain instructions appear in the transcript immediately following the motion for a new trial, and apparently as a part of the motion. If not a part of that motion, then it does not appear that they were filed, as the transcript contains no copy of the clerk's notation of the filing, nor any recital that they were filed.

It has often been decided that the statements in a motion for a new trial can not, on appeal, be regarded as evidence of the facts so stated. *Zehner v. Aultman,* 74 Ind. 24; *Smith v. Kyler,* 74 Ind. 575. It is equally clear that instructions, in order to be made a part of the record, under sections 324 and 325 of the code, must be filed as a part of the record, and the fact of such filing must be shown in the transcript. The instructions given must be signed by the judge, and that is not done in this case.

The question of fact in the case was whether the sale of a stock of goods was, in respect to creditors represented by the appellant, a fraudulent sale.

The appellee had purchased the goods of one Shinn, who had recently bought them on a credit of Carnahan, Skinner & Co. Treating the sale to the appellee as fraudulent, Carnahan, Skinner & Co. sued out an attachment, by virtue of which the appellant, as sheriff, seized the goods; whereupon the appellee brought this action for the recovery of possession. The evidence tends strongly to show that the sale by Shinn to the appellee was made for the purpose of paying other creditors of Shinn, to the exclusion of Carnahan, Skinner & Co., and counsel insist that the sale was, therefore, fraudulent and void. The law is otherwise well settled in this State. The failing debtor may prefer one creditor over another, and the use of property bought of one for the payment of another is not an exception to the rule. *O'Connor* v. *Coats*, 79 Ind. 596.

If Carnahan, Skinner & Co. had reclaimed the goods as their own, on the ground that Shinn had obtained them without intent to pay for them and for the purpose of preferring and paying his other creditors, and that the appellee was cognizant of that scheme when he made his purchase, the question would be manifestly different; but when they caused the goods to be attached as the goods of Shinn, they affirmed his title, and placed themselves in the position of ordinary creditors, entitled to impeach the sale to the appellee on no ground which was not equally available to any other creditor.

Judgment affirmed, with costs.