No. 9442.

## HADLEY v. ATKINSON ET AL.

INSTRUCTIONS.—*Signature of Judge.*—*Record.*—The requirement of the code, 2 R. S. 1876, p. 167, sec. 324, clauses fifth and sixth, R. S. 1881, sec. 533, that "All instructions given by the court must be signed by the judge, and filed * * as a part of the record," is imperative. Unless so signed and filed, or incorporated in a bill of exceptions properly filed, or filed by an order of court, instructions can not become a part of the record.

SUPREME COURT.—*Evidence.*— Where the evidence on the trial tended strongly to support the verdict of the jury, the Supreme Court will not set it aside.

From the Morgan Circuit Court.

*G. A. Adams* and *J. S. Newby*, for appellant.

*G. W. Grubbs*, for appellees.

FRANKLIN, C.—Appellant, Samuel J. Hadley, sued appellees upon a note executed by appellee Amos Hadley to Allen Hadley, Jesse Hadley and John Atkinson, and by the payees endorsed to the Farmers Bank at Mooresville in said county. The note was negotiated by the maker to the bank for a loan of money.

The complaint was in five paragraphs, containing common counts for money paid for the use of appellees, etc. There was an answer in two paragraphs, and a cross complaint filed.

A demurrer was overruled to the second paragraph of the answer, and a reply and answer in denial filed.

Trial by jury; verdict for appellees; and, over a motion for a new trial, judgment was rendered for appellees.

The errors assigned are the overruling of the demurrer to the second paragraph of the answer, and the overruling of the motion for a new trial.

No question is presented by appellant's counsel in their brief upon the first error assigned. It is therefore considered as waived.

The reasons stated in the motion for a new trial are, that the verdict is not sustained by sufficient evidence, is contrary to law, and that the court erred in its instructions to the jury.

The facts proven by the testimony are substantially as follows:

Amos Hadley wanted to borrow $750 from the bank; he executed his note for that amount to Atkinson and Allen and Jesse Hadley; they endorsed it to the bank, and Amos and wife executed their joint note to them for like amount, and agreed to give them a mortgage on her real estate to secure them as such endorsers.

When the note in bank matured, they insisted that Amos either pay it or have the mortgage executed on his wife's real estate. Amos and his wife arranged with the plaintiff to borrow half of the amount of the note if appellees would raise the other half, and they would pay off the note. To which appellees consented; raised their half and paid it to the bank in November, 1864; they then surrendered the joint note against Amos and wife for the amount of the bank note, and took a new note from them for the amount that they paid. In December following, Amos and wife executed their joint note to the plaintiff for the borrowed money for the other half, and plaintiff paid the money to the bank. When plaintiff made the arrangement with Amos and wife, he understood that her name was on the bank note instead of the joint note to appellees. And after he paid it off, when it was handed over to him by the cashier of the bank, he having calculated

the amount due, the plaintiff said to him that that was not the note he wanted to pay off; that he wanted to pay the note that Mrs. Sally Hadley's name was on; but upon being told that was the only note of the kind that the bank held, and the cashier telling him that he could take that and hold it against the parties, he accepted it without its being cancelled by the cashier, and has held it ever since. He tried several times to collect his joint note on Amos and wife, and to get it secured by a mortgage upon her real estate. He made no claim upon the appellees for the payment of any part of the bank note, until this suit was commenced, some six years afterwards. Amos and wife had made no payments upon either of the notes given to appellant or appellees.

We think this evidence tended strongly to support the verdict of the jury, and that the verdict is not contrary to law.

Appellant in his brief complains of the fourth, seventh and eighth instructions asked by appellee and given by the court. But it is insisted by appellees in their brief, that these instructions are not properly made a part of the record.

These instructions are not signed by the judge, nor does the record recite that they were given to the jury. Where instructions are given by the court of its own motion, they must be signed by the judge; then they can be made a part of the record, by noting at the bottom or on the margin, " Given and excepted to," signed by the attorney excepting. If not thus signed, they can only be made a part of the record by being embraced in a bill of exceptions or ordered by the court to be filed in the cause and made a part of the record. None of these modes has been followed in this case. There is nothing but the note written upon the margin " Given and excepted to," signed by appellant's counsel. And the record nowhere shows that these instructions were filed as a part of the record. Without this safeguard, instructions might get into the record without having been given by the court.

Instructions can not thus be made a part of the record. 2 R. S. 1876, p. 168; *Jeffersonville, etc., R. R. Co.* v. *Cox,* 37

Ind. 325; *Etter* v. *Armstrong*, 46 Ind. 197; *Sibbitt* v. *Stryker*, 62 Ind. 41; *Dennerline* v. *Gable*, 73 Ind. 210; *McDonald* v. *State*, 74 Ind. 214; *Swift* v. *Ratliff*, 74 Ind. 426; *Louthain* v. *May*, 77 Ind. 109.

These instructions not having been made a part of the record by any mode recognized in the law, no question is properly presented to this court upon the subject of the instructions. There was no error in overruling the motion for a new trial.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below .be and the same is in all things affirmed, with costs.