No. 9361.

## HEATON *v.* WHITE ET AL.

FRAUDULENT CONVEYANCE.— *Estoppel.*— *Husband and Wife.*— Suit by a judgment creditor to reach real estate, alleged to have been conveyed by the debtor through another to the debtor's wife to defraud the creditor, and by the wife to W., with notice. Answer in estoppel, that the creditor, while the wife held title and because thereof, had taken the wife's note. *Held,* that the answer was bad.

SAME.— *Trust.*—A further answer, that title to another tract of land, which had been paid for mostly by the money of the wife, had been conveyed to the husband upon his parol agreement to hold it in trust for the wife, and that the land in controversy was paid for by the proceeds of that tract, and the conveyance taken to the husband before the indebtedness accrued, upon his parol agreement to hold in trust for the wife, and that she had invested her own funds in improving the land, and denying all fraud, was held good on demurrer.

PRACTICE.— *Bill of Exceptions.*— *When Filed.*—Where, prior to 1881, on overruling a motion for a new trial at a term succeeding that of the trial, the bill of exceptions was filed within a time then given, errors of law occurring at the trial could not be saved by the bill.

SAME.— *Instructions.*—Where instructions are not signed by the judge or the party asking them, or his attorney, and the record does not show that they were filed, and they are not in a bill of exceptions, they are not properly a part of the record.

SAME.— *New Trial.*— *Surprise.*— *Newly Discovered Evidence.*—There must be proper affidavits to show surprise and newly discovered evidence as causes for a new trial, and these must be brought into the record by bill of exceptions, else the Supreme Court can not review the ruling of the court below on the motion.

From the Wells Circuit Court.

*R. S. Robertson* and —— *Harper,* for appellant.

*L. M. Ninde* and *T. E. Ellison,* for appellees.

BLACK, C.—This was an action brought by the appellant against the appellees James B. White, George W. Stites, Almira Stites and Simeon Cox.

The complaint alleged, in substance, that appellant, on the 18th of September, 1878, recovered a judgment in the superior court of Allen county, in this State, against the appellee George W. Stites, for $1,086.87, and costs amounting to $15.06 ; that on

the 20th of September, 1878, he caused an execution to be issued on said judgment to the sheriff of Allen county; that on the 11th of November, 1878, said sheriff returned said execution unsatisfied except as to $75.70; that on the 29th of September, 1878, appellant caused a second execution to be issued on said judgment to the sheriff of Wells county, who, on the 11th of November, 1878, returned said execution unsatisfied except as to $15.90; that said judgment remained unsatisfied except as to $31.80; that said George W. Stites had no other property of any kind in his own name subject to execution; that at the time and previous to incurring the indebtedness for which said judgment was obtained, to wit, on the 16th of August, 1876, said George W. Stites was the owner in fee of certain real estate, described, in Wells county, in this State, being a tract of eighty acres; that on the —— day of April, 1877, said George W. Stites and his wife, Almira, conveyed said real estate to one Simeon Cox; that on the 23d of April, 1877, said Cox conveyed said real estate to said Almira Stites; that said several conveyances were made without any consideration; that they were made with the purpose and intent on the part of the defendants to cheat, hinder, delay and defraud the creditors of said George W. Stites; that he had not at the time sufficient other property to pay his indebtedness, and had not at the commencement of this suit sufficient other property to pay his indebtedness; that on the 6th of March, 1878, the appellees Almira Stites and her husband, said George W. Stites, conveyed said real estate to the appellee James B. White; that, prior to said conveyance to said White, appellant notified said White of the fraudulent nature of said previous conveyances, and that they were made without any consideration and with the purpose and intent to cheat, hinder and defraud the creditors of said George W. Stites; that said White, well knowing that said conveyances were so made, and with full notice thereof, took said conveyance of said property to himself, and claimed to be the owner thereof. And the plaintiff prayed judgment

that said several conveyances might be set aside, declared null and void, and that plaintiff's judgment might be declared a first lien on said real estate, and for other proper relief.

The appellee White answered in a number of paragraphs and filed a cross complaint. The first paragraph of his answer was a general denial. The appellee Almira Stites filed a separate answer numbered as the fifth paragraph.

Appellant demurred to each of the paragraphs of White's answer except the first, and to the separate answer of appellee Almira, and demurred to said cross complaint for want of sufficient facts. All these demurrers were overruled, and appellant replied to the affirmative paragraphs of answer by denial, and answered the cross complaint also by denial. The appellees George W. Stites and Simeon Cox each answered by general denial. The cause was tried by a jury, who returned a general verdict for the defendants, with answers to interrogatories. A motion for a new trial made by the appellant was overruled, and judgment was rendered on the verdict.

The assignments of error which have been discussed by counsel relate to the overruling of the demurrers to the fourth and sixth paragraphs of appellee White's answer, the overruling of the demurrer to the separate answer of appellee Almira Stites, and the overruling of the motion for a new trial.

By his fourth paragraph of answer appellee White alleged that, after the said land in controversy was so conveyed to said Almira, the plaintiff, with full knowledge that said premises had been so conveyed, demanded and required of the said Almira, for the reason that she so held the title to said land, to wit, on the 17th day of May, 1877, to sign said notes, which she did; that said notes did not come due until the 16th day of August, 1878, and long after this defendant got his said deed; that said plaintiff demanded and required said Almira to sign said notes because and on account of her receipt of said conveyances for said land; and he then and there accepted her promise to pay said debt, because she was so the owner of said land. Wherefore the defendant says the plaintiff is

estopped from averring or proving that said conveyance to said Almira was or is fraudulent and void.

By his sixth paragraph the appellee White alleged, in substance, that, on the 1st of March, 1861, said George W. Stites, who was then and still remained the husband of the appellee Almira, purchased of one Davidson certain real estate, described, in said Wells county, other than the land mentioned in the complaint, for $750, took a title-bond therefor, and was unable to pay the balance of said purchase-money (the amount of the balance not being stated); that John Caston, father of said Almira, was then a man of wealth, and desired to advance to her a portion of his estate, to enable her to pay the remainder of said purchase-money, and then and there advanced to her money enough to pay said balance, and, at the request of said Almira, he paid said purchase-money to said Davidson, and took a deed from him to said George for said land, and held it for the benefit of said Almira until said George returned home from the war, where he had been during the time said payments were made; that upon his said return said Caston delivered said deed to him, upon the understanding and agreement then and there made between said George and Almira and her father, that George should take said deed and hold said land in trust for said Almira; upon which agreement George accepted the deed and always held said land in trust for Almira, until the 1st of April, 1866, when said Almira and George sold said land for $1,000, and purchased therewith the land described in the complaint; that, by an understanding and agreement between said Almira and George, the deed for said premises so purchased was taken in the name of said George, upon his agreement to hold said land in trust for Almira, which he did until it was conveyed by him to said Cox, and by him to Almira; that, after the purchase of said eighty-acre tract, Almira received from her father and from his estate, the further sum of $757, which, upon the faith of George's said agreement to hold said premises in trust for her, she invested in improvements on said land; that said agreements

were made and said deeds were taken and held as aforesaid, in the name of said George, in trust for her, without any fraudulent intent whatever to defraud any one. Wherefore, it is said, Almira had a right to take said conveyance and hold the title, and that the same was not fraudulent.

The fifth paragraph, or separate answer of appellee Almira, alleged that her husband purchased said land of Davidson for $750, and paid thereon $75, and took a title-bond and was unable to make further payments. The remainder of her answer is in substantially the same terms as the sixth paragraph of White's answer.

In the fourth paragraph there is an evident want of attention to the complaint. No notes are mentioned in the complaint. But, assuming that the notes which Almira is alleged to have signed represented the indebtedness of her husband on which the judgment mentioned in the complaint was rendered, did that paragraph show a confirmation of the fraudulent conveyance? The appellee White does not in this paragraph deny the allegations of fraud in the complaint. He does not allege any knowledge on his part of the signing of the notes by Almira, or that he or any other person was in any way influenced in conduct by the facts alleged, or that any change of condition was induced thereby or dependent thereon. While it is alleged that the appellant had full knowledge "that said premises had been so conveyed," it is not alleged that he had knowledge that the conveyance was fraudulent, which was necessary to a confirmation. It is said that he demanded and required her signature because she held the title and on account of her receipt of the conveyance, and accepted her promise to pay the debt, because she was so the owner. It appears from the answer that the notes which she signed were not due, and that they did not mature for more than a year thereafter. The appellant could not have brought an action upon his claim, and therefore could not have sued to set aside the conveyances for fraud until after the conveyances had been made to appellee White. He seems to have

Heaton v. White *et al.*

proceeded promptly after his claim fell due. This answer alleges that the notes matured August 16th, 1878. The complaint alleged that he obtained his judgment on the 18th of September, 1878, and he commenced this action on the 12th of November, 1878.

It is not alleged in the answer that Almira was a married woman when she signed the notes, but this fact does appear from the complaint. Therefore, her signature could not constitute a consideration for an agreement on the part of appellant to confirm the conveyance in question, if such an agreement had been alleged. We think that this paragraph did not set forth a defence.

The sixth paragraph of appellee White's answer and the separate answer of appellee Almira allege the purchase by said Almira and her husband of the land in controversy with the proceeds of the sale of other land, which he had purchased, but for which she had furnished the greater part of the purchase-money; that George, after the conveyance to him of the land first purchased and the payment of the purchase-money, had agreed to hold it in trust for her and had so held it, and that when the other land was purchased the deed was taken in George's name upon his agreement to hold it in trust for her, and that he so held it until the legal title was conveyed to her; that while he so held it she improved it at her own expense, and that these agreements were so made and these deeds so taken and held by said George in trust, without fraudulent intent.

Taking these answers in connection with the complaint, the land mentioned in the complaint was purchased and the agreement to hold it in trust was made about ten years before the indebtedness to the appellant was contracted.

By section 6 of the act concerning trusts and powers (1 R. S. 1876, p. 915), it is provided that "When a conveyance, for a valuable consideration, is made to one person, and the consideration therefor paid by another, no use or trust shall re-

sult in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections."

Section 8 provides that the provision of said section 6 shall not extend to cases "where it shall be made to appear that by agreement, and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest was to hold the land or some interest therein in trust for the party paying the purchase-money or some part thereof."

It is contended by appellant that the paragraphs under discussion did not show a trust in favor of Almira as against the creditors of her husband, and that they were therefore bad on demurrer: *First.* Because a portion of the purchase-money was paid by her husband, who bought in his own name. *Second.* Because the portion of the purchase-money paid by Almira was not shown to have been in payment of some specific part or distinct interest in the land. *Third.* Because the agreement to hold in trust was not made at the time of the purchase and conveyance, but was made after the land was bought and paid for, and after a deed of conveyance to the husband had been executed.

If this were a suit to enforce against the alleged trustee a trust in the land first purchased, or if that land had been conveyed by the husband to the wife, and this were a suit by creditors of the husband attacking such conveyance for fraud, we would feel called upon to discuss and decide the questions so suggested by appellant. The wife had paid the greater part of the purchase-money for that land, and when the husband was informed of this fact, and the deed came into his actual possession, he agreed to hold the land in trust for her, and while holding it with this understanding and agreement between them, they sold the land for a certain sum, and with this sum the land in controversy was bought, the husband and wife agreeing that it should be her land, but that he should hold the legal title. Whether or not in contemplation of law he was her trustee of the land first purchased, it was competent for him, in view of the fact that she had paid the greater

part of the purchase-money, to treat the entire proceeds of
the sale as hers, and upon the purchase of the other land to
become her trustee for the whole of it, he acting in good faith
with her, and both acting without fraud as to any person; and
such, we think, is the effect of each of these paragraphs.

There was, therefore, no error in overruling the demurrers
thereto.

The motion for a new trial, made at the term at which the
trial was had, was overruled at the next term.

Leave to file a bill of exceptions was then given, and the
bill was filed within the time so given. Under the statute
then in force, as construed in many cases by this court, this
bill could not save exceptions taken on the trial. No notice,
therefore, can be taken of the causes in the motion for a new
trial relating to the admission or exclusion of evidence.

The transcript contains, as part of the record, what are
said to be instructions to the jury, some given by the court,
others asked by the parties. Those given by the court are not
signed by the judge; those asked by the appellant are not
signed by him or his attorney, and it is not shown by the
record that any of the instructions were filed; therefore, no
question is here upon any of the instructions. *Supreme Lodge,
etc.,* v. *Johnson,* 78 Ind. 110.

One cause assigned for a new trial was newly-discovered
evidence; and another cause was, that appellant was surprised
by certain testimony. It was necessary that each of these
causes should be sustained by affidavit showing its truth. Sec-
tion 355, Code of 1852. The latter cause is not supported by
affidavit, and the affidavits in connection with the former cause
are not brought into the record by bill of exceptions. No
notice, therefore, can be taken of either of these causes.

The only other causes assigned in the motion and discussed
by counsel were, that the verdict was not sustained by suffi-
cient evidence, and that the verdict was contrary to law.

We could not sustain these objections to the verdict, except
as to the appellee George W. Stites, without weighing con-

flicting testimony, and this we can not do. It is quite certain that under the evidence there should have been a verdict against the appellee George W. Stites. We can not say that the verdict and judgment are based exclusively on other issues than that formed on the fourth paragraph of the answer of appellee White, and, therefore, can not say that the overruling of the demurrer to that paragraph was a harmless error.

The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby reversed, at the costs of the appellees, and the cause is remanded, with instructions to sustain appellant's demurrer to the fourth paragraph of appellee White's answer, and for further proceedings.