Aufdencamp v. Smith.

No. 10,494.

AUFDENCAMP v. SMITH.

BILL OF EXCEPTIONS.—*Instructions.*—*Practice.*—Instructions to the jury, which have not been filed or directed by the court to be made part of the record, and are not in any proper bill of exceptions, are not a part of the record.

HARMLESS ERROR.—*Evidence.*—It is a harmless error to admit or reject evidence which can not affect the result.

From the Ohio Circuit Court.

*H. D. McMullen* and *D. T. Downey*, for appellant.

*W. S. Holman, W. S. Holman, Jr.,* and *J. B. Coles*, for appellee.

BICKNELL, C. C.—The appellee had a verdict against the appellant for $500 for the breach of a marriage contract. The court overruled a motion by the appellant for a new trial, and rendered judgment on the verdict.

The appellant assigns as error the overruling of his motion for a new trial. The reasons alleged for the new trial are, that the verdict is not sustained by sufficient evidence and is contrary to law, error in excluding and admitting testimony, and in sustaining appellee's motion to suppress parts of a deposition, and in giving instructions to the jury.

The record presents no question as to the instructions, because it fails to show that they were filed or directed by the court to be made part of the record. *Hadley* v. *Atkinson,* 84 Ind. 64; *Heaton* v. *White,* 85 Ind. 376; *McIlvain* v. *Emery,* 88 Ind. 298. " Instructions, in order to be made a part of the record, * * must be filed as a part of the record, and the fact of such filing must be shown in the transcript." *O'Donald* v. *Constant,* 82 Ind. 212. *Nowlin* v. *Whipple,* 89 Ind. 490.

In this case, the original bill of exceptions, which was brought up by *certiorari,* contained no instructions, but in the record the clerk has left out a part of the original bill, and has inserted in its place, between the conclusion of the evidence and the signature of the judge, several instructions, commencing thus:

Aufdencamp v. Smith.

"Anna M. E. Smith v. George Helfenkamp. Gentlemen of the jury:" There is nothing to show that these instructions were filed, and they are not entitled as of the cause from which this appeal was taken. The appellant procured a *certiorari*, from the return of which it appears that after this cause was submitted, the date of the submission being November 28th, 1882, the appellant, at the October term, 1883, of the Ohio Circuit Court, made an application to that court for the entry of a *nunc pro tunc* order in relation to the filing of said instructions, and that on such application the court made a special finding of the facts and entered thereon the following order as a conclusion of law, to wit:

" That the court made no order directing the filing of said charges, and that the defendant is not entitled to an order now for then directing the filing of said charges, and that the plaintiff recover her costs therein."

There is nothing in this proceeding that makes the record sufficient as to the instructions. The bill of exceptions contains the statement that it contains all the evidence given in the cause, but it shows upon its face that it does not contain the testimony of all the witnesses.

Upon such a bill of exceptions this court will not ordinarily consider whether the verdict is contrary to law or supported by sufficient evidence, or whether the damages are excessive. *Louisville, etc., R. W. Co.* v. *Henly*, 88 Ind. 535. In this case, however, we have examined the evidence set forth in the bill of exceptions, and we are satisfied that the cause was fairly tried upon its merits, and that a just result was reached.

The motion to suppress part of a deposition was properly sustained, because the matter suppressed was immaterial. The evidence alleged to have been improperly admitted was such that its admission or rejection could not have affected the verdict; the evidence rejected was immaterial; if admitted, it could not have changed the result. Section 658, R. S. 1881, contains the following: " Nor shall any judgment be stayed

or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be and the same is hereby in all things affirmed, at the costs of the appellant.

