ELROD ET AL. *v.* PURLEE.

[No. 20,177. Filed February 23, 1905. Rehearing denied June 29, 1905.]

1. APPEAL AND ERROR. — *Bill of Exceptions.* — *When Part of Record.* — *Statutes.* — A bill of exceptions, signed by the judge on July 6 and certified by the clerk to have been filed on June 30, is not a part of the record, and the act of 1903 (Acts 1903, p. 338) does not affect such question. p. 240.

2. SAME. — *Instructions.* — *When Part of Record.* — *Statutes.* — Where an attempt is made to incorporate the instructions into the record under §544 Burns 1901, §535 R. S. 1881, but the

record simply shows that such instructions were "ordered filed" and does not show they were actually filed, such instructions are not in the record.    p. 241.

3.  APPEAL AND ERROR. — *Instructions.* — *Not in Record.* — *Presumption.*—Where the instructions are not in the record, the presumption is that the instructions given, in substance, embraced all proper instructions tendered and refused.    p. 242.

From Washington Circuit Court; *Thomas B. Buskirk,* Judge.

Action by Lora E. Purlee against Liddie Elrod and husband. From a judgment on a verdict for plaintiff for $800, defendants appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.    *Affirmed.*

*H. P. White* and *Elliott & Houston,* for appellants.
*Morris & Hottel,* for appellee.

GILLETT, J.—Action by appellee against appellants, husband and wife, to recover against them jointly, under §6966 Burns 1901, §5121 R. S. 1881, for slanderous words spoken by the wife of and concerning the appellee in the presence and with the consent of the husband.    There was a trial by jury, and a verdict and judgment against appellants.    Their assignment of error is based upon the overruling of their joint and several motion for a new trial.    At this point we are met with the insistence of counsel for appellee that the evidence is not in the record.

The transcript of the evidence, which is set out in what purports to be a bill of exceptions, was signed by the trial judge July 6, 1903.    Above the certificate of the judge is a certificate of the clerk to the effect that the document was filed in his office June 30, 1903. The precipe of appellants called for a transcript of all papers filed in the cause, and all orders and rulings, and for the insertion in the transcript of the original bill of exceptions containing the evidence.    The final certificate of the clerk states that the transcript contains full, true and

complete copies of all papers filed and entries made, and that it contains, in compliance with the precipe, the original bill of exceptions filed in his office June 30, 1903, "approved by the court, and ordered made a part of the record herein." It is clear that the evidence is not in the record, because there is nothing to show, either directly or inferentially, that the document purporting to be the original bill of exceptions was filed in the office of the clerk after it was signed by the trial judge. §638a Burns 1901, Acts 1897, p. 244; §641 Burns 1901, §629 R. S. 1881; *Allen* v. *Hamilton* (1902), 157 Ind. 621; *Acme Cycle Co.* v. *Clarke* (1901), 157 Ind. 271; *Beall* v. *Union Traction Co.* (1901), 157 Ind. 209; *Windfall Nat. Gas, etc., Co.* v. *Terwilliger* (1899), 152 Ind. 364; *Chicago, etc., R. Co.* v. *Cason* (1898), 151 Ind. 329; *Robinson* v. *Dickey* (1896), 143 Ind. 214. The act of March 9, 1903 (Acts 1903, p. 338), has nothing to do with the question.

Error is sought to be predicated upon the giving and the refusing of certain instructions. Appellee's counsel insist that the instructions which were given are not in the record, because they are not shown to have been filed, as required by the act of 1903 (Acts 1903, p. 338, §1), and also by the former practice. In their reply brief counsel for appellants contend that said act does not govern, since the cause was tried before it became operative, and they further contend that the instructions given are in the record under the practice as it existed at the time of the trial. The record shows that each of the instructions set out in the transcript as given by the court and excepted to by appellants has upon it the marginal notation provided for by §544 Burns 1901, §535 R. S. 1881; and there is also in the transcript a copy of an order-book entry, made upon the conclusion of the trial, which contains these words: "All of the instructions given by the court herein are ordered filed." Assuming that the former practice governs, it must be held that the instructions given are not in the

record.   Section 542 Burns 1901, §533 R. S. 1881, pro-
vides:   "All instructions given by the court must be signed
by the judge, and filed, together with those asked for by
the parties, as a part of the record."   The entry of the
court should have shown that the instructions were filed.
*Thompson* v. *Thompson* (1901), 156 Ind. 276; *Cleveland,
etc., R. Co.* v. *Ward* (1897), 147 Ind. 256; *Ohio, etc., R.
Co.* v. *Dunn* (1894), 138 Ind. 18; *Van Sickle* v. *Belknap*
(1891), 129 Ind. 558; *Butler* v. *Roberts* (1889), 118 Ind.
481; *Ft. Wayne, etc., R. Co.* v. *Beyerle* (1887), 110 Ind.
100; *Childress* v. *Callender* (1886), 108 Ind. 394; *Blount*
v. *Rick* (1886), 107 Ind. 238; *Landwerlen* v. *Wheeler*
(1886), 106 Ind. 523; *Aufdencamp* v. *Smith* (1884), 96
Ind. 328; *Weik* v. *Pugh* (1883), 92 Ind. 382; *McIlvain* v.
*Emery* (1882), 88 Ind. 298; *Heaton* v. *White* (1882), 85
Ind. 376; *O'Donald* v. *Constant* (1882), 82 Ind. 212;
*Supreme Lodge, etc.,* v. *Johnson* (1881), 78 Ind. 110.   As
was said in *Hadley* v. *Atkinson* (1882), 84 Ind. 64, 66:
"The record nowhere shows that these instructions were
filed as a part of the record.   Without this safeguard, in-
structions might get into the record without having been
given by the court."   Having reached the conclusion that
the instructions which were given are not in the
3.    record, we must heed the further insistence of ap-
pellee's counsel that, upon this state of the record,
we must presume that the instructions which were given
embraced, in substance, all proper instructions which were
tendered by appellants and refused.   *Cleveland, etc., R.
Co.* v. *Ward, supra; Lake Erie, etc., R. Co.* v. *Holland*
(1904), 162 Ind. 406, 63 L. R. A. 948, and cases cited.
    Judgment affirmed.

## On Petition for Rehearing.

Per Curiam.—It seems scarcely necessary to say that
the file mark of the clerk of the court below upon appel-
lants' precipe for a record does not show that the bill of ex-

ceptions was filed in the clerk's office after it was signed by the judge.

As to the instructions given, it is evident that they are not in the record, as appellants have not complied with the practice, as laid down in *Thompson* v. *Thompson* (1901), 156 Ind. 276.

