## HURST v. HILL.

No. 1232.   Opinion Filed November 18, 1911.

On Rehearing, April 2, 1912.

(122 Pac. 513.)

1.    **TRIAL—Action for Price—Breach of Warranty.**  Where defendant testified that the person who had sold him an electric motor guaranteed it to be all right, and that he guaranteed it to plaintiff in the same way, it was error for the court to instruct the jury that, if they found at the time of the sale the motor would run, they should find for the defendant, even though in another part of his testimony the defendant had said that his vendor guaranteed the machine to run, and that he guaranteed the same to plaintiff.

2.    **SALES — Warranty — Construction.**  The reasonable construction of the warranty, as testified to by the defendant, was that there was no defect in the machine at the time of the sale, other than arose from ordinary use, that would prevent it from running and performing service, as other secondhand machines of the same kind.

3.    **TRIAL—Instructions—Exceptions.**  An exception to an oral instruction is sufficiently saved where it is excepted to orally, and the instructions and exceptions are both taken by the stenographer, and certified in the case-made.

(Syllabus by Rosser, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by J. E. Hurst against W. B. Hill. Judgment for defendant in the district court on appeal from a justice court, and plaintiff brings error. Reversed and remanded.

*Jas. L. Brown,* for plaintiff in error.

*S. A. Horton,* for defendant in error.

Opinion by ROSSER, C. The plaintiff in error, J. E. Hurst, brought suit in a court of a justice of the peace in Oklahoma county, prior to statehood, against W. B. Hill, defendant in error, for breach of warranty in the sale by defendant to plaintiff of an electric motor. He recovered judgment before the justice of the peace, and the defendant appealed to the district court of Oklahoma county. There was there a verdict and judgment for the defendant, and the plaintiff has appealed to this court. The plaintiff alleged that he purchased a certain electric motor from defendant, and that at the time of the sale the defendant verbally warranted that the machine was in good and perfect working order, and in a good and perfect condition, and that he bought the machine, relying on the warranty. The case having originated in the justice court where there was no written answer filed, and, as the statements of counsel are not preserved in the record, the only means this court has of ascertaining what the defendant's claim is with reference to the warranty is from his evidence. The defendant himself testified that he told plaintiff that the person from whom he bought it, one Mr. Gresham, told him that it was guaranteed, and that he told plaintiff Gresham gave him a guaranty, and that he would give plaintiff the same guaranty that he received. The following extracts from his examination show exactly what his version of the matter was: Direct examination:

"Q. What did you tell him about the guarantee? A. I told him that Mr. Gresham told me that it was guaranteed, and I had an expert to examine it, and he said it was worth $150, and I could make money on it. Q. Is that all you said? A. I told him they gave me a guaranty, and I gave him the same guaranty those fellows gave me."

On cross-examination his statements were as follows:

"Q. Who did you say you bought that machine from? A. Gresham. Q. This man Gresham warranted it to you? A. Yes, sir; guaranteed it to be all right. Q. And you say to this jury you gave the same kind of warranty that you got? A. I went

and got the expert to go over it, and it cost me a dollar and a half, and he went through it and examined it, and said it was as good as new. Q. That was not the question. You say that you gave this man the same kind of guaranty that Gresham gave you? A. Yes, sir. Q. Gresham warranted it to you to be all right, and you warranted it to be all right. A. Yes; I never used the machine at all. Q. The question is: Gresham warranted it to you, and you warranted it to this man? A. Yes."

On redirect examination the following occurred:

"Q. In answer to Judge Brown's question, you said you warranted it as you got it. What do you mean by 'warranted' in that connection? A. I told him that I would give him the same kind of a warranty they gave me. They guaranteed the machine to run, and I guaranteed the same to him, gave him the same kind of guaranty they gave me."

Re-cross-examination:

"Q. They guaranteed to you that it was all right, and as good as a new machine, didn't they? A. Just as good as a new machine is what the expert told me."

Re-redirect examination:

"Q. Mr. Gresham didn't tell you that it was as good as a new machine? A. That is what the expert said. Q. After he made the examination? A. Yes, sir."

The court instructed the jury that the plaintiff claimed that he purchased the motor under verbal warranty that it was in good and perfect working condition, and that he relied upon such warranty, and paid for the machine, and that there was a breach of the warranty; and instructed that the defendant's construction of the contract of sale was that he guaranteed to plaintiff that the machine would run. The court also instructed the jury that, if they found from the evidence that at the time of the sale the motor would run, then their verdict should be for the defendant. This statement of the issues, and also the instruction of the court that if they believed the defendant's statement as to what his warranty was, and also found that at the time of the sale the machine would run, they should find for the defendant, is assigned as error by plaintiff. Neither counsel in the case has seen fit to cite any authorities upon the law of warranty. The objection to the instruction is well founded. The evidence of

the defendant must be considered as a whole, and while he did say that his vendor guaranteed the motor to run, and he guaranteed it to plaintiff in the same way, that statement must be read in connection with statements several times repeated by him in his direct and cross-examination that his vendor guaranteed the motor to be all right, and he guaranteed it to plaintiff in the same way. The warranty must be given a reasonable construction, and a reasonable construction of the warranty as testified to by the defendant is that there was no defect existing in the motor at the time of the sale, aside from the fact that it was secondhand, that would prevent it from running and performing service in the same way as would any other machine. The instruction given might have been construed to mean that, if the motor started and ran even for a few minutes, there was a sufficient compliance with the warranty. This would be to "keep the word of the promise to the ear and break it to the hope."

The jury should have been instructed that the warranty as testified to by the defendant meant that there was no defect in the machine, other than arose from ordinary use, that would prevent it from running and doing the work of other secondhand machines of the same kind. See Mechem on Sales, sec. 1251; *Snow v. Schomacker Mfg. Co.*, 69 Ala. 111, 44 Am. Rep. 509; *McGraw v. Fletcher*, 35 Mich. 104; *Leggoe v. Mayer*, 2 Pa. Super. Ct. 529.

It is urged by the defendant in error that the plaintiff cannot avail himself of the error in the instructions because the instructions were not properly excepted to. He contends that the law requires the exceptions to be noted on the margin of the instructions, and that, as the instructions in this case were given orally, there was no margin upon which the exceptions could be noted. The authorities cited in support of the proposition are not in point, and, indeed, it would be amazing to find that such a proposition is sustained by authority. The law permits instructions to be given orally. In this case the record shows that the instructions were given orally and the exceptions were taken orally, and both instructions and exceptions were taken by the

stenographer.  This was sufficient to save the exceptions, especially as the giving of the instructions over plaintiff's objection was set up in the motion for a new trial.

Other errors are assigned, but, in view of the disposition of the assignment upon the instructions, it is not necessary to consider them.

The case should be reversed and remanded for a new trial.

By the Court:  It is so ordered.

## ON REHEARING.

It was decided in the original opinion in this case that where instructions were given orally and exceptions saved orally, and both instructions and exceptions were taken by the stenographer and certified in the case-made, this court could consider the points thus saved.  A rehearing was granted as to this question, and it has been presented again by oral argument and in typewritten briefs.

It is contended with force and ability that exceptions to instructions cannot be saved except, as provided in section 5795, Comp. Laws 1909, by writing the exception at the end of the instruction.  It is necessary to review all the statutes bearing upon this question in order to arrive at a conclusion.  The fifth paragraph of section 5794 of Comp. Laws 1909, with reference to the order of procedure upon a trial, is as follows:

"When the evidence is concluded and either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered, and signed by the party, or his attorney asking the same, and delivered to the court.  The court shall give general instructions to the jury, which shall be in writing, and be numbered, and signed by the judge, if required by either party."

The sixth paragraph of the same section provides that, where special instructions are requested, "the court shall either give such instructions as requested, or positively refuse to do so; or give the instructions with modification in such manner that it shall distinctly appear what instructions were given in

whole or part, and in like manner those refused, so that either party may except to the instructions as asked for, or as modified, or to the modification, or to the refusal. All instructions given by the court must be signed by the judge; and filed together with those asked for by the parties as a part of the record." There is an apparent conflict in the fifth and sixth paragraphs. In the fifth it is provided that general instructions "shall be in writing, and numbered, and signed by the judge if required by either party." The sixth paragraph provides that all instructions given by the court must be signed by the judge; and filed with those asked for by the parties as a part of the record. In order to reconcile the apparent conflict, it is necessary to hold the provisions of the sixth paragraph last quoted to apply only in cases where a written instruction is demanded. A written instruction must be demanded in a civil case before the judge can be required to give it. This is the meaning of the fifth paragraph. To hold otherwise would require this case to be reversed, because instructions were given orally, and would probably reverse a large number of other cases, now pending in this state, in which there is no substantial error. Section 5795, Comp. Laws 1909, is as follows:

"A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction: 'Refused and excepted to,' or 'given and excepted to,' which shall be signed by the judge."

This section, construed in connection with other sections with reference to instructions, can mean only that the exceptions shall be thus marked when the instructions are given in writing.

Section 1937, Comp. Laws 1909, requires the reporter "to take down in shorthand the oral testimony of witnesses, the rulings of the court, the objections made and the exceptions taken, during the trial of all civil and criminal actions, and also such other matters as the court shall order."

Section 1942, Comp. Laws 1909, provides for the filing of the shorthand notes with the clerk and makes them a part of the record in the cause.

Section 6074, Comp. Laws 1909, provides for appealing on case-made, and that "the exceptions stated in a case-made shall have the same effect as if they had been reduced to writing, allowed and signed by the judge at the time they were taken."

A consideration of all these statutes leads to the conclusion that it is not error to give oral instructions where written instructions are not demanded, and that, when the exception to an oral instruction is taken orally and preserved in the case-made by a transcript from the stenographer's notes, it has the same effect as an exception noted at the close of a written instruction. The stenographer can preserve it, and the exception taken orally calls the attention of the judge to what is claimed as error just as well as the formal writing of "Given and excepted to" calls his attention to error in a written instruction. Usually in practice the oral exception calls his attention more specifically to the alleged error than the written words at the close of a written instruction. The instructions in a civil case are not a part of the judgment roll or record proper (*Green v. Incorporated Town of Yeager*, 23 Okla. 128, 99 Pac. 906; *Menton v. Shuttee*, 11 Okla. 381, 67 Pac. 478), and there is no reason why they, together with the proceedings in giving or refusing them, may not be brought up by bill of exceptions or case-made in the same way as other proceedings at the trial. To hold otherwise would result in written instructions being required in all cases, with a consequent loss of time and additional expense. The purpose in view when court reporters were provided for was to expedite business, and to preserve the proceedings so that bills of exceptions would not be necessary at every stage of the trial.

The Indiana statute with reference to giving instructions is practically the same as ours, except that after providing, as is provided in the sixth paragraph of section 5794, Comp. Laws 1909, that the instructions shall be filed as a part of the record, it further provides that they shall not be copied into the record·

unless there is an appeal. They are not under our practice incorporated into the record except for the purpose of appeal. Section 544 of Burns' Code of Indiana is identical with section 5795, Comp. Laws 1909. In *O. & M. R. Co. v. Dunn,* 138 Ind. 18, 36 N. E. 702, 37 N. E. 546, it is held that the method provided in this section for preserving exceptions to instructions is not exclusive, and that the exceptions may be saved by bill of exceptions. To the same effect is *Ayres v. Blevins,* 28 Ind. App. 101, 62 N. E. 305.

In *Burk v. Andis,* 98 Ind. 59, one paragraph of the syllabus is as follows:

"Instructions and exceptions thereto may be brought into the record by bill of exceptions as formerly, notwithstanding sections 533 and 535, R. S. 1881, provide another mode."

In the course of the opinion the court said:

"The appellee claims that the instructions are not in the record, because they are not signed and filed as prescribed by section 533, R. S. 1881, and because the exceptions were not taken in the manner prescribed by section 535, R. S. 1881. But the instructions and exceptions are in a formal bill of exceptions, signed by the judge and made part of the record. This is sufficient. *Hadley v. Atkinson,* 84 Ind. 64; *Heaton v. White,* 85 Ind. 376; *Elliott v. Russell,* 92 Ind. 526."

In *Hersleb v. Moss,* 28 Ind. 354, exactly the same question of practice arose, and on motion for rehearing, just as in this case, the same question was decided as it is now being decided here. *Landers v. Beck,* 92 Ind. 49, also decides this question in the same way. It has already been shown that under section 6074 of our statutes the exceptions in a case-made have the same effect as if preserved by formal bill of exceptions made at the time. Section 5795 does not abolish the bill of exceptions, but provides that the party excepting to the giving or refusing of instructions shall not be required to file a formal bill.

The record in this case shows that there was a discussion between court and counsel as to what the instructions should be. Exceptions were saved at the time, and were presented in the motion for new trial and preserved in the case-made. That brings

them here for review. The conclusion in the opinion heretofore filed was correct, and should be adhered to.

By the Court: It is so ordered.