## GILLIAM v. NEWLAND.

No. 2519.   Opinion Filed February 11, 1913.

(130 Pac. 133.)

1. **PARTNERSHIP—Settlement—Question for Jury.** When one partner sells his interest in the business to the other partner, and a dispute arises between them as to the terms of the contract, it being oral, and the evidence being in conflict as to whether the indebtedness to the firm of the retiring partner was to be liquidated in the sale, the issue should be submitted to the jury.

2. **TRIAL—Instruction—Exception.** The following exception appearing in the case-made immediately after the charge of the court is sufficient to challenge the correctness of an instruction. "Comes now the defendant and excepts to all that part of the court's charge contained in paragraph 2"; paragraph 2 being directed to one proposition only.

(Syllabus by Ames, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by S. A. Newland against W. A. Gilliam. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Sigler & Howard,* for plaintiff in error.
*J. F. Bledsoe* and *H. H. Brown,* for defendant in error.

Opinion by AMES, C.  The plaintiff and the defendant were partners in the grocery business. The plaintiff sold his interest

to the defendant, and. this suit was brought to recover the purchase price agreed upon. The defendant admitted the purchase, and the issue tried was the terms and conditions of the sale. The actual merchandise invoiced about $1,400, and the amount which the plaintiff sued for was exactly one-half of the invoice, the plaintiff claiming that the defendant had agreed to pay him that amount for his interest in the business. The defendant admitted the purchase for that amount, but claimed that the agreement was that the defendant should collect the accounts receivable and pay the accounts payable, and give the plaintiff the benefit of any surplus or charge him with the burden of any deficit. The plaintiff at the time of the dissolution had overdrawn his account about $1,400, while the defendant's account was overdrawn only about $700, leaving a balance in favor of the defendant. Various other items were also involved which it is unnecessary at this time to consider. The court gave to the jury the following instruction:

"If you believe from the evidence that the amount of indebtedness of plaintiff and defendant, respectively, were known to the plaintiff and the defendant, or could have been ascertained, in the absence of fraud or concealment on the part of either, by an examination of the books of the firm at the time of the sale, then you are instructed that said accounts were merged in the sale of the plaintiff's interest in the partnership business to the defendant, and that defendant is not entitled to any credit or offset in this action for the difference between his and plaintiff's accounts, if you find there was a difference."

This instruction took from the jury the power to determine whether or not under the agreement of the parties the plaintiff would remain liable for his account, and compelled them as matter of law to disregard this item. The contract of the parties was not reduced to writing, and the evidence is not satisfactory as to what it really was. The testimony being conflicting, and there being facts and circumstances in the case tending to support the theories of both parties, the whole issue should have been submitted to the jury. If, as claimed by the defendant, he was entitled to collect the accounts and apply them on the bills

payable, he might have had a right to collect the accounts due by the plaintiff. There is evidence, at all events, tending to support this claim, and the court should not have taken this issue from the jury.

But it is claimed that there was no sufficient exception reserved to this instruction, and therefore we cannot consider it. The case-made contains the instructions of the court in full. Immediately following the instructions the following appears: "Comes now the defendant and excepts to all that part of the court's charge contained in paragraph 2." Is this a sufficient exception? In *Eisminger v. Beman,* 32 Okla. 818, 124 Pac. 289, *McCabe & Steen Construction Co. v. Wilson,* 17 Okla. 355, 87 Pac. 320, and *Glaser v. Glaser,* 13 Okla. 389, 74 Pac. 944, it was held that a general exception to each and all of the instructions reserved in the manner in which this exception was reserved was insufficient. That was because the exception was general, and did not call the court's attention to the particular error asserted, or give the court an opportunity to correct the error. Here, however, the exception is specific, and the reason on which those cases was based does not apply. We think the exception here taken comes within the spirit of our statutes, if not within their exact letter, and that upon the reason and under the authorities cited in *Hurst v. Hill,* 32 Okla. 532, 122 Pac. 513, the exception was properly saved.

The judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.