Eslinger v. East et al.

No. 10,818.

ESLINGER v. EAST ET AL.

PRACTICE.—*Instructions.*—Where instructions given and refused have not been filed as the statute, section 533, R. S. 1881, requires, but are in the record by a bill of exceptions which fails to show any exception taken to the giving or refusal, no question thereon can be made in the Supreme Court.

SAME.—*Continuance.*—*Absence of Counsel.*—*Practice.*—Counter affidavits are not allowed upon a motion for a continuance, and the absence of the principal counsel in a cause, suddenly called away on account of illness of a relative, very shortly before the call of the cause for trial, justifies a continuance in the discretion of the court.

LIQUOR LICENSE.—*Evidence.*—Upon an application for license to sell liquors, evidence showing the location of the proposed place of business, with reference to the court-house, a college and public school, and that it is on a street necessarily much used by school children, is admissible.

From the Lawrence Circuit Court.

*J. W. Buskirk, H. C. Duncan* and *J. M. Cropsey*, for appellant.

*G. W. Friedley, J. E. Henley* and *W. H. East*, for appellees.

MITCHELL, J.—The appellant brings this appeal and asks us to review the proceedings of the court below, wherein on the verdict of a jury an adverse judgment was rendered on his application for license to sell intoxicating liquors.

The application was made to the board of commissioners of Monroe county, where a remonstrance was filed by the appellees, challenging his fitness on the ground of immorality, the habit of becoming intoxicated, etc.

The applicant's petition was dismissed by the board on the motion of the remonstrants, and after an appeal to the circuit court the venue was changed to Lawrence county, where a trial was had with the result stated.

It is insisted that a continuance of the cause granted at the September term, 1882, on the application of the remonstrants, showing the unavoidable absence of counsel on whom they relied, was error, both because the affidavit on which the

application was based was insufficient, and because the court refused to hear a counter affidavit contradicting that upon which the continuance was asked.

An application for a continuahce must be determined upon the facts stated in the affidavit supporting it. Counter affidavits can not be received. *Cutler* v. *State*, 42 Ind. 244.

From the affidavit upon which the continuance was asked it is made to appear that the remonstrants' principal counsel was suddenly called away, a short time before the case was called up for trial, on account of the illness of his father; and we think a continuance of the cause was, under the circumstances, no abuse of the discretion of the court.

The appellant's counsel also contend that error was committed by the court in giving certain instructions to the jury of its own motion, and in refusing others asked by them. These instructions are set out in the bill of exceptions containing the evidence, but there is nothing either in the bill of exceptions or elsewhere in the record showing that the instructions asked and refused, or those given by the court, were presented and filed as required by section 1849, R. S. 1881.

As exceptions were not otherwise saved to these instructions, and for the omission of the record to show that those contained in the bill of exceptions were filed, we can not consider them. *Supreme Lodge, etc.*, v. *Johnson*, 78 Ind. 110; *Cunningham* v. *Baker*, 84 Ind. 597; *Indianapolis, etc., R. R. Co.* v. *Pugh*, 85 Ind. 279.

It is next contended that the court erred in not sustaining the appellant's objection to the following question propounded to R. W. Miers, a witness called by the remonstrants:

"State where the plaintiff's building in which he is applying for license is situate, with reference to the public square in Bloomington, and to the college and the graded school buildings, and how many school children usually pass the building in going to and returning from school."

The court permitted this question to be answered, over the appellant's objections, to which exception was reserved.

It is strenuously urged by appellant's counsel, "that since the Legislature has not seen fit to restrict the sale of intoxicating liquors to certain localities, but made it universal, location is no test," and that nothing was involved in the inquiry save only the fitness of the applicant to be entrusted with a license. This may be conceded, and yet we are not prepared to say that the question was improper.

The statute requires the applicant for license to state in his notice "the precise location of the premises in which he desires to sell," doubtless with the view, in part, at least, that the citizens of the neighborhood may be apprised of the fact, that it is proposed to secure the right to retail intoxicating liquors to be drank on the premises in that vicinity, and we are not persuaded that although the inquiry must always be as to the fitness of the applicant to be entrusted with the sale of intoxicating liquor, involving his morality, habits of sobriety, etc., the Legislature may not have intended that such fitness should have some relation to the locality where it is proposed to set up the business. It may well have been supposed that in determining the fitness of things, a court or jury might take into account whether, under all the evidence, an applicant in a particular case was a fit person to be entrusted with the sale of intoxicating liquors, if the place proposed was such that only a man possessed of an extraordinary degree of circumspection and caution could fitly conduct the business at that place, with a due regard to the situation and surroundings. At all events, we can not see how any harm could have come to the appellant from the question and answer.

The judgment is affirmed.

Filed Jan. 27, 1885.